## OWEN vs. WHITAKER.

1. The Court of Chancery has no jurisdiction to determine as to the validity of an election of the directors of a private corporation, and whether certain persons claiming to be, and acting as directors, are such.    It can, therefore, grant no relief that is merely incident to that power.

2. The only adequate remedy is in the courts of law, which have power to adjudge the office vacant, and to compel the admission of a person properly elected.    The statute (*Nix. Dig.* 171, § 19,) fully confers this power.

3. The summary and efficient proceeding under that statute, removes all difficulty arising from any doubt as to the application of the remedies of *quo warranto* and *mandamus*, to corporations merely civil.

This cause was argued on bill, answer, and proofs.

*Mr. R. Hamilton*, for complainants.

*Hon. D. Haines*, for defendants.

THE CHANCELLOR.

The bill is filed by fifteen persons claiming to be stockholders in the Sussex Valley Railroad Company, against sixteen defendants, nine of whom claim to have been elected directors of that company, and others were stockholders, or persons claiming to be such, by whose votes the nine claim to have been elected.    Ten of the complainants and four of the defendants constitute fourteen of the sixteen persons incorporated by the charter, and who were appointed commissioners, and authorized to receive the subscriptions to the capital stock, and to conduct the first election of directors as

inspectors. Nine of the complainants claim that they were elected as directors at the election held for that purpose.

Besides the general prayer for relief, the bill contains eight prayers for specific relief. First, that the defendant, John A. Whitaker, who was the treasurer of the commissioners, should be restrained from paying over to the nine defendants who claim to be elected directors, the money paid to him as the five per cent. on the stock at the time of subscription. Second, to restrain these nine directors from acting as such, and from making calls on the stock. Third, to declare the election of these nine defendants void. Fourth, to declare the nine complainants to have been duly elected directors. Fifth, to declare the election illegal, and to order a new election to be held. Sixth, to direct that the commissioners at the new election shall receive such votes only as shall be determined legal. Seventh, to direct the moneys received to be paid to the nine complainants claiming to be elected, or to such directors as shall be chosen at such election as shall be ordered; and Eighth, that the defendants account for all moneys received or expended by them.

The whole merits of the suit, and all the relief sought, depends upon the validity of the election of the nine defendants as directors. That is the main question in the cause; the court is called upon directly to decide it, and upon the decision of that, every other question in the cause depends; and if the court has no cognizance of that question, it has not of any other. There is no prayer to adjudge upon the distribution of the stock, or who is entitled to it, except so far as it may be necessary to settle who shall be entitled to vote at a new election if ordered. This cannot be ordered until the election now had is declared void.

The first question in the cause is whether this court has jurisdiction to determine whether an election of the directors of a private corporation has been legally held, and whether certain persons claiming to be, and acting as directors, are such.

The general rule is, that the Court of Chancery has only

jurisdiction when there is no adequate relief at law. 1 *Story's Eq. Jur.*, § 80; *Story's Eq. Pl.*, § 473; *Cooper's Eq. Pl.* 129; 1 *Dan. Ch. Pr.* 574; 1 *Barb. Ch. Pr.* 39.

There are certain well established exceptions to this rule, as in trusts, fraud, accident, mistake, partition, dower, account, waste, and several other cases in which this court has concurrent jurisdiction with the courts of law. For many years, the courts of law have exercised jurisdiction as to officers of corporations, by writ of *quo warranto*, or information in the nature of *quo warranto*, and by *mandamus ;* and if there is any doubt as to the application of these remedies to corporations merely civil, the difficulty is obviated and supplied by the summary and efficient proceeding under the statute passed for this very purpose. (*Nix. Dig.* 171, § 19.) The only adequate remedy is in the courts of law, who have power to adjudge the office vacant, and to compel the admission of a person properly elected. This power is fully conferred by the statute referred to. The judgment of this court would not oust the directors, or cause a vacancy, if the office is *de facto* filled.

This is not only not one of the settled exceptions in which the Court of Chancery will exercise jurisdiction concurrently with courts of law, but so far as I am aware, there is not a single case reported which has directly decided upon the validity of such election, and declared the office void, or ordered a new election. The case of *Van Dyke* v. *Hart*, 4 *Halst. C. R.* 344, goes perhaps further than any other. In that case, the court restrained directors who appeared to be illegally elected, from proceeding to erect the works of the company, a most important matter, which would affect its future success; but it did not adjudge their offices vacant, or give any relief as to that matter. And in the case of *Mickles* v. *The Rochester City Bank*, 11 *Paige* 124, Chancellor Walworth says: " The question as to the validity of the election of G. W. and S., as trustees, does not appear to be a proper subject of equitable cognizance. The legislature has provided a summary remedy, by an application to the

Supreme Court to set aside the election of these directors, if it is illegal. (1 *R. S.* 666, § 5.) That court, therefore, is the proper tribunal to set aside the election, if it has not been made in conformity to law." This court has no jurisdiction to determine the validity of this election, or the right of the directors elected to hold and exercise the office of directors; and therefore can grant no relief that is merely incident to that power, such as to restrain the defendants from acting as such.

This company are not in the situation of the Camden and Amboy Railroad Company, as mentioned by Chancellor Vroom in *The Attorney-General* v. *Stevens, Saxt.* 376. The charter of that company only gave a corporate existence to it when the stock was duly subscribed. In this case, the sixteen persons named were incorporated from the approval of the act; and upon the principles laid down by the Chancellor in that case, this court would have no jurisdiction. Besides, here ten of the complainants are corporators and commissioners named in the charter. They were a majority of the sixteen commissioners. It was their duty to receive subscriptions to the stock. They had control of receiving subscriptions, and deciding who were subscribers. They appointed the time and place of election, and the election was to be held and conducted by them, or by any three of them. Of course, if all were there, a majority must control. The commissioners, of whom these complainants are a majority, allege that they have omitted and neglected to perform the duties imposed upon them by the act, and call upon this court for relief. So far as these ten complainants are concerned, they are hardly in a position to ask relief through the extraordinary power of a court of equity.

The bill must be dismissed, with costs.